JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC Comics, Disney Enterprises, Inc., and Sanrio, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Omar Alejandro Gonzales, an Individual and d/b/a Kid Depot aka Kids Depot aka Kins Depot, and d/b/a Omar Kids, and Omar Kids/Kids Depot and Does 1 – 10, inclusive, <br><br> Defendants. | CASE NO. CV 12-10462 CBM (RZx) <br><br> JUDGMENT AND PERMANENT INJUNCTION |

This cause having come before this Court on the motion of Plaintiffs DC Comics, Disney Enterprises, Inc. ("DEI"), and Sanrio, Inc. ("Sanrio") (collectively "Plaintiffs") for entry of default judgment and permanent injunction against Defendant Omar Alejandro Gonzales, an individual and d/b/a Kid Depot aka Kids Depot aka Kins Depot, and d/b/a Omar Kids, and Omar Kids/Kids Depot ("Defendant") [Docket No. 9.].

1

1  The complaint in this case was filed on December 6, 2012.  [Doc. No. 1.]
2  The Clerk entered Default Judgment against Defendant on February 14, 2013.
3  [Doc. No. 7.]  Plaintiffs filed a Motion for Default Judgment on March 21, 2013.
4  [Doc. No. 9.]  No opposition was filed, and there was no answer or appearance by
5  Defendant at the hearings, which took place on May 20, 2013.  [Doc. No. 10.]

6  The Court having read and considered the pleadings and the evidence as
7  presented in support of Plaintiffs' Motion;

8  IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

9  1) DC Comics is the owner of all rights in and to certain copyright registrations,
10     including, but not limited to, the copyrights which are the subject of this case,
11     DC Comics Anti-Piracy Guide (TXu 1-080-661).  "DC Comics Copyrights"
12     refers only to the copyrights included in TXu 1-080-661 for purposes of this
13     Order.

14  2) DEI is the owner of all rights in and to certain copyright registrations,
15     including, but not limited to, the copyrights which are the subject of the
16     registrations: Walt Disney's Peter Pan Coloring Book #218625 (AA 223499),
17     "Pooh" Winnie-the-Pooh (VA 608-558), Pooh-1 (VA 58-940), *Toy Story* –
18     Buzz Lightyear (VAu 337-566), *Toy Story* – Woody (VAu 337-565), and Cars
19     –Style Guide (VA 1-320-323).  The "DEI Copyrights" refers only to the
20     copyrights included in AA 223499, VA 608-558, VA 58-940, VAu 337-566,
21     VAu 337-565, and VA 1-320-323 for purposes of this Order.

22  3) Sanrio is the owner of all rights in and to certain copyright registrations,
23     including, but not limited to, the copyrights which are the subject of the Hello
24     Kitty registration (VA 130-420) and Sanrio 2010 Character Guide (VA 1-078-
25     385).  The "Sanrio Copyrights" refer only to the copyrights included in VA
26     130-420 and VA 1-078-385 for purposes of this Order.  (The DC Comics

27
28

1  Copyrights, DEI Copyrights, and Sanrio Copyrights are collectively referred to
2  herein as "Plaintiffs' Copyrights.")
3  4) Plaintiffs have complied in all respects with the laws governing copyrights and
4  secured the exclusive rights and privileges in and to Plaintiffs' Copyrights; The
5  appearance and other qualities of Plaintiffs' Copyrights are distinctive and
6  original;
7  5) Defendant engages in the selling, offering for sale, renting, and/or distributing
8  of counterfeit apparel and other merchandise bearing unauthorized copies of
9  Plaintiffs' Copyrights ("Unauthorized Product").
10 6) Defendant's manufacturing, importing, advertising, displaying, promoting,
11 marketing, distributing, offering for sale and selling of the Unauthorized
12 Product was engaged in willfully and intentionally, without leave or license
13 from Plaintiffs, in violation of Plaintiffs' rights in and to Plaintiffs' Copyrights.
14 The characteristics, features, devices, emblems, and artwork on the
15 Unauthorized Product are not just "confusingly similar" to Plaintiffs'
16 Copyrights, they are almost identical.
17 7) The liability of the Defendant in the above-referenced action for his acts in
18 violation of Plaintiffs' rights is knowing and willful, and as such the Court
19 expressly finds that there is no just reason for delay in entering the default
20 judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. §§ 1331 and

1338, and 28 U.S.C. § 1367. Service of process was properly made on the Defendant.

2) Defendant has manufactured, distributed, sold, offered for sale, and/or distributed counterfeit apparel and related merchandise which infringe upon Plaintiffs' Copyrights.

3) The Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the injunction are HEREBY RESTRAINED AND ENJOINED FROM:

   a. Infringing Plaintiffs' Copyrights, either directly or contributorily, in any manner, including generally, but not limited to, advertising, offering for sale, renting, distributing, or manufacturing counterfeit character costumes or any product or service which feature any of Plaintiffs' Copyrights, and, specifically:

     i. Importing, manufacturing, distributing, advertising, selling and/or offering for sale, or renting Unauthorized Products;

     ii. Importing, manufacturing, distributing, advertising, selling and/or offering for sale, or renting in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Copyrights;

     iii. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendant's customers and/or members of the public to believe, the actions of Defendant, the counterfeit apparel and related merchandise sold and/or offered for sale by Defendant, or Defendant himself is connected with Plaintiffs, is sponsored, approved or licensed by Plaintiffs, or is affiliated with Plaintiffs;

      iv.    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

4) Defendant is ordered to deliver for destruction all Unauthorized Products, and any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Copyrights and any labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiffs' Copyrights or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

5) Defendant is ordered to pay damages to DC Comics, pursuant to 17 U.S.C. § 504, in the sum of Five Thousand Dollars ($5,000.00).

6) Defendant is ordered to pay damages to DEI, pursuant to 17 U.S.C. § 504, in the sum of Thirty Thousand Dollars ($30,000.00).

7) Defendant is ordered to pay damages to Sanrio, pursuant to 17 U.S.C. § 504, in the sum of Ten Thousand Dollars ($10,000.00).

8) Defendant is ordered to pay interest on the principal amount of the judgment to Plaintiff pursuant to 28 U.S.C. § 1961(a) in the amount of $54.

9) This Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

10)    The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Judgment against Defendant.

1  11)   The Court shall retain jurisdiction of this action to entertain such further
2       proceedings and to enter such further orders as may be necessary or appropriate
3       to implement and enforce the provisions of this Judgment.

**IT IS SO ORDERED.**

DATED: June 6, 2013

                        CONSUELO B. MARSHALL
                        UNITED STATES DISTRICT JUDGE